**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JOHN S. MYZER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 03-2504-KHV** |
| **GEORGE W. BUSH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On October 8, 2003, plaintiff brought suit against President George W. Bush and others, alleging that numerous conspirators engaged in a scheme to conceal plaintiff's true identity and prevent him from receiving his rightful inheritance. On October 25, 2004, the Court dismissed plaintiff's suit with prejudice because, among other things, plaintiff did not set forth a basis for subject matter jurisdiction and failed to state a claim upon which relief could be granted. Memorandum And Order (Doc. #138) at 3-4. This matter is before the Court on plaintiff's Motion For Reconsideration (Doc. #144) filed February 5, 2018, which asks the Court to set aside that order pursuant to Rule 60(b), Fed. R. Civ. P.

**Procedural Background**

In his Report And Recommendation (Doc. #63) filed August 17, 2004, Judge O'Hara summarized the suit's relevant procedural history as follows:

> Plaintiff claims that various conspirators, potentially numbering (he says) literally in the hundreds of thousands, have engaged in an elaborate scheme to conceal plaintiff's true identity from him in order to deprive plaintiff of his inheritance. Plaintiff asserts that his biological parents were killed by "adventurers" and that he was raised by several different people who alternately assumed the names Marguerite and Sherman Myzer; he also claims that Mr. and Mrs. Myzer

> were not actually married, but that they maintained this facade for the sole purpose of perpetrating a fraud on plaintiff.
>
> Plaintiff names sixty-four separate defendants in his complaint and makes several claims against some or all of the defendants. . . . Plaintiff has filed approximately thirty-one motions to amend his complaint to join additional defendants. These defendants include, but are not limited to, the United States government, each of the fifty states of the union, the government of the United Kingdom, every school plaintiff ever attended, every health and/or medical provider who has ever treated plaintiff, and the entire food and beverage industry. In most cases, specific parties are not named, and in all cases, no basis for jurisdiction or even the residence of the proposed defendant is alleged.

Id. at 2. Further, Judge O'Hara stated that plaintiff (1) did not properly serve any defendants; (2) refused to amend his complaint to satisfy Rule 8(a), Fed. R. Civ. P.; and (3) did not set forth any basis for subject matter jurisdiction. Id. at 3-5, 7. On October 25, 2004, for reasons above, the Court dismissed plaintiff's complaint with prejudice. Memorandum And Order (Doc. #138) at 3-4.

More than 14 years after the Court entered judgment against him, plaintiff seeks reconsideration pursuant to Rules 60(b)(4), (6), Fed. R. Civ. P. Memorandum In Support Of Motion (Doc. #145) filed February 5, 2018 at 1-2. In particular, plaintiff argues that the judgment is void because the Court lacked personal jurisdiction and did not afford him due process. Id. at 1-3. He also asserts that the Court should set aside the judgment because "plaintiff lacked the capacity to defend or understand his rights" during his suit. Id. at 4.

## Legal Standard

The Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b). See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Under Rule 60(b), the Court may relieve a party

from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## Analysis

A motion under Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c). Plaintiff filed his Motion For Reconsideration (Doc. #144) more than 14 years after the judgment which he seeks to set aside. See Memorandum And Order (Doc. #138); see also Order (Doc. #143) filed December 10, 2004 (dismissing appeal). Plaintiff's delay appears unreasonable on its face. See United States v. Taylor, 295 F. App'x 268, 270 (10th Cir. 2008) (ten-year delay between judgment and Rule 60 motion unreasonable) (unpublished); see also Cummings v. General Motors Corp., 365 F.3d 944, 954-55 (10th Cir. 2004) abrogated on other grounds by Unitherm Food Sys. v. Swift-Eckrich, Inc., 546 U.S. 394, 399 (2006) (unreasonable to wait seven months after discovery of new evidence); see also Sec. Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1067-68 (10th Cir. 1980) (untimely when unexplained 115-day gap between Rule 60 motion and judgment). Nevertheless, the Court must consider whether plaintiff has a "sufficient justification for the delay."

Cummings, 365 F.3d at 955. Plaintiff asserts that he "has remained in a disabling state of ignorance and incapacity" from the time of his judgment until his Rule 60 motion. Memorandum In Support (Doc. #145) at 4. Unsupported references to mental incompetence do not toll limitations periods. See Smith v. Saffle, 28 F. App'x 759, 760 (10th Cir. 2001) (unpublished); see Biester v. Midwest Health Servs., 77 F.3d 1264, 1268 (10th Cir. 1996) (must show "exceptional circumstances" for tolling). Plaintiff's vague, unsupported assertion does not justify the extensive gap between the Court's judgment and his Rule 60 motion. See Mukes v. Warden of Joseph Harp Corr. Ctr., 301 F. App'x 760, 762-64 (10th Cir. 2008) (Rule 60 motion untimely despite claims of mental incompetence) (unpublished). Thus, the Court overrules plaintiff's motion as untimely.[1]

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration (Doc. #144) filed February 5, 2018 is **OVERRULED**.

---

[1] Alternatively, the motion lacks merit. Plaintiff seeks reconsideration pursuant to Rule 60(b)(4) because the Court (1) lacked personal jurisdiction and (2) denied him due process. First, plaintiff consented to the exercise of personal jurisdiction by choosing to file suit in the District of Kansas. Rollins v. Ingersoll-Rand Co., 240 F. App'x 800, 802 (10th Cir. 2007) ("plaintiff's filing suit constitutes consent to a district court's exercise of jurisdiction over him or her") (unpublished). Second, plaintiff contends that the Court denied him due process when it failed to appoint a government official to serve process on defendants. This argument rests on the false assertion that plaintiff filed suit in forma pauperis. See Fed. R. Civ. P. 4(c)(3) (plaintiff may request service by appointed official if proceeding in forma pauperis); see also Order (Doc. #57) filed August 3, 2004 at 4 ("[plaintiff] does not proceed in forma pauperis") (emphasis in original).

Plaintiff also argues that the Court should set aside its judgment under Rule 60(b)(6) because he "lacked the capacity to defend or understand his rights" during the original suit. The Tenth Circuit has held that general claims of mental incompetence and ignorance of the law do not qualify as "extraordinary cases" which justify Rule 60(b)(6) relief. See Klein v. United States, 880 F.2d 250, 259 (10th Cir. 1989); see Mukes, 301 F. App'x at 763; see Cothrum v. Hargett 178 F. App'x 855, 858-59 (10th Cir. 2006) (unpublished). Accordingly, plaintiff's claims lack merit.

Dated this 9th day of March, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge